UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PAUL E. ALLEN,

    Petitioner,

vs.          Case No. 2:08-cv-107-FtM-29SPC

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____

## **ORDER OF DISMISSAL WITH PREJUDICE**

Petitioner Paul E. Allen ("Petitioner" or "Allen"), proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, Petition) on February 6, 2008.[1] Respondent, the Secretary of the Florida Department of Corrections, contends, *inter alia*, that Petitioner has not complied with the one-year period of limitations as set

---

[1] The Petition (Doc. #1) was filed in this Court on February 7, 2007, but the Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

forth in 28 U.S.C. § 2244(d).² See Respondent's Response to Petition for Writ of Habeas Corpus (Doc. #16, Response). In support of the Response, Respondent submits exhibits. See List of

---

²On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Exhibits (Doc. #18). Petitioner filed a Reply to Respondent's Response (Doc. #22, Reply).

The Petition challenges Petitioner's January 20, 1994 state court judgment of convictions, after a jury trial, for engaging in a continuing criminal enterprise and conspiracy to commit racketeering, and five counts of sale and/or delivery of a controlled substance, which were entered in the Twentieth Judicial Circuit Court, Lee County, Florida (case number 93-1626-CF). Petitioner was sentenced to forty years imprisonment (for the continuing criminal enterprise count) and concurrent five year terms of imprisonment (for each of the sale and/or delivery of a controlled substance counts). Petitioner filed a direct appeal. Exh. 2. On December 20, 1996, the appellate court *per curiam* affirmed Petitioner's conviction and sentence. Allen v. State, 688 So. 2d 918 (Fla. 2d DCA 1996); Exh. 5. Rehearing was denied on January 23, 1997. Exh. 6.

Thus, Petitioner's state convictions became final on April 24, 1997, ninety-days after rehearing was denied on direct appeal. See 28 U.S.C. § 2244(d)(1)(A) and Rule 13.3 of the United States Supreme Court; Bond v. Moore, 309 F.3d 770, 773-74 (11th Cir. 2002)(explaining that a judgment becomes "final" on the date on which the U.S. Supreme Court issues a decision on the merits of petitioner's direct appeal or denies certiorari, or after the expiration of the 90 days in which petitioner could file such a

petition ).³  This was <u>after</u> the April 24, 1996 effective date of the AEDPA.  Thus, Petitioner's one-year time period for filing a federal habeas petition challenging his conviction expired on April 24, 1998.⁴  The Petition, filed in this Court on February 6, 2008, would be untimely unless Petitioner availed himself of one of the statutory provisions which extends or tolls the time period.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during which "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  Here, 304 days of the federal limitations period elapsed before Petitioner, represented by counsel, filed his first state post-conviction motion - - a motion pursuant to Florida Rule of Criminal Procedure 3.800(a), filed on February 27, 1998.  Exh. 7.  The post-conviction trial court, after hearing argument, denied the Rule 3.800 motion on August 2, 2002.  Petitioner did not undertake a timely appeal of the denial of his Rule 3.800(a) motion.  Instead, on February 19, 2004, Petitioner, filed a *pro se* motion seeking a belated appeal (Exh. 9).  On April 26, 2004, after briefing by the parties, the State appellate court

---

³ A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review."  20 U.S.C. § 2244(d)(1)(A).  For purposes of direct review, Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

⁴Applying "anniversary date of the triggering event."  <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008).

granted Petitioner's motion for a belated appeal. Exh. 15.[5] Nonetheless, Allen's request for a belated appeal has no tolling effect for purposes of the federal limitations period. Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003).

In Moore, the Eleventh Circuit addressed whether a state court's granting of a belated appeal from the denial of post-conviction relief tolls the idle period between the expiration of time to appeal and the grant of the late appeal. The Eleventh Circuit adopted the reasoning of the Fifth Circuit's decision in Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001), in which the Fifth Circuit found that "at the point when the state limitations period expired, the petitioner was not entitled to further appellate review and, therefore, he had no application 'pending' in state court." Moore, 321 F.3d at 1380. The Eleventh Circuit agreed with the Fifth Circuit and noted that a difference exists between giving a petitioner credit for time needed to exhaust his state remedies prior to filing a federal habeas petition and "retroactively" tolling periods in which the petitioner is not

---

[5]The State court granted Petitioner's belated appeal after response by the State in which the State stated that defense counsel had "acknowledged" that Allen requested that a notice of appeal of the denial of the Rule 3.800(a) motion be filed but counsel did not file the notice "due to conflicts regarding payment for his legal services." Exh. 14 at 1-2, ¶5. Eventually, on December 15, 2006, the State appellate court *per curiam* affirmed the denial of the rule 3.800(a) order. Allen v. State, 947 So. 2d 1168 (Fla. 2d DCA 2006); Exh. 31. Petitioner's motion for rehearing was denied. Exh. 33. Mandate issued on February 16, 2007. Exh. 34.

attempting to exhaust state remedies.  Because Moore's belated appeal motion was not "pending" during the limitations period, it did not toll the AEDPA limitations period.  Similarly, Petitioner's filing of his Rule 3.800(a) motion only tolled the federal limitations period from February 27, 1998 until September 2, 2002 (August 2, 2003 plus thirty (30) days within which Allen could have filed a timely appeal).  The federal limitations period began to run again on September 3, 2002, and would have expired on November 3, 2002, unless Petitioner had another "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment . . . pending."  28 U.S.C. § 2244(d)(2).

Petitioner, through retained counsel, filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 on October 5, 1998 (Exh. 36, initial Rule 3.850 motion), which was subsequently amended on January 8, 1999 (Exh. 37, amended Rule 3.850 motion).  On March 15, 1999, after a response by the State, the post-conviction trial court summarily denied Petitioner's initial Rule 3.850 motion.  Exh. 38.  Petitioner sought a rehearing in light of Petitioner's amended Rule 3.850 motion.  Exh. 39.  On June 21, 2000, the post-conviction court granted Petitioner's motion for rehearing, and summarily denied Petitioner's amended Rule 3.850 motion.  Exh. 40.  Petitioner filed a timely notice of appeal.  Exh. 41.  On December 27, 2000, the State appellate court affirmed the summary denial in all respects, except with respect to Petitioner's allegation that counsel was

ineffective for failing to object to certain arguments made by the prosecution. Allen v. State, 775 So. 2d 400 (Fla. 2nd DCA 2000); Exh. 42. The appellate court remanded this ground to the post-conviction trial court with directions that the court summarily deny the ground "if it attaches record documents conclusively showing either that no improper argument was made or that trial counsel objected and preserved the issue for direct appeal." Id. at 400-01. Otherwise, the trial court was directed conduct an evidentiary hearing. Id.

On April 3, 2001, after directing a response from the State, the post-conviction trial court summarily denied the ground. Exh. 45. Petitioner did not file a timely notice of appeal. Petitioner did, however, file a motion to file a belated appeal on June 2, 2003. Exh. 46. On October 14, 2003, the appellate court granted Petitioner's motion for a belated appeal in connection with the summary denial of the remaining ground of his Rule 3.850 motion. Exh. 47a. On April 16, 2004, the appellate court *per curiam* affirmed the April 3, 2001 order denying Petitioner relief. Allen v. State, 873 So. 2d 329 (Fla. 2nd DCA 2004); Exh. 48. Mandate issued on May 17, 2004. Exh. 49.

Similar to Petitioner's Rule 3.800(a) belated appeal, Petitioner garners no additional tolling for the filing of his belated appeal of his Rule 3.850 motion. Instead, Petitioner's Rule 3.850 initial motion and amended motion only tolled the federal limitations period from October 5, 1998 until May 4, 2001

(April 3, 2001 plus thirty (30) days to file an appeal). This period of tolling is completely subsumed within the period of time that Petitioner's Rule 3.800(a) motion was pending. Moore v. Crosby, 321 F.3d at 1381.

Petitioner next filed a second Rule 3.800(a) motion on June 27, 2007. Exh. 51. After directing a response by the State, the post-conviction trial court denied the motion on January 18, 2008. Exhs. 52-53. Petitioner filed a notice of appeal and brief in support of his appeal. Exhs. 54-55. On May 28, 2008, the State appellate court *per curiam* affirmed. Allen v. State, 982 So. 2d 693 (Fla. 2d DCA 2008); Exh. 56. Mandate issued on June 18, 2008. Exh. 57. Petitioner garners no tolling from his second Rule 3.800(a) motion, because the federal limitations had already expired at the time he filed his second Rule 3.800(a) motion. Once the AEDPA's limitations period expires, it cannot be reinitiated. Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002)); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). Thus, any post-conviction filings by Petitioner after November 3, 2002, the date Allen's federal limitations period expired, "cannot toll that period because there is no period remaining to be tolled." Tinker at 1333.

Petitioner submits that the Court should "go forward with reviewing and ruling on the merits of Petitioner's claims." Reply at 1. Petitioner asserts that he "has acted in good faith, with due diligence, and commensurate with a novices knowledge and

abilities to prosecute his claims." Id. Further, Petitioner contends that "due to circumstances beyond his control, [he] was not able to properly prepare and file his Petition until February 6, 2008." Id. at 2. In particular, Petitioner claims that his State counsel told him he had filed an appeal of the denial of Petitioner's Rule 3.800 and 3.850 motions. Id. at 4-5. Petitioner states that he did not learn that counsel was no longer representing him until May 2003, when Petitioner spoke to counsel's secretary-wife. Id. at 4.

As stated by the United State Supreme Court, a petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)(citation omitted).[6] Thus, equitable tolling is appropriate only when a prisoner's petition is untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Johnson v. United States, 340 F.3d 1219, 1266 (11th Cir. 2003) (citations omitted), aff'd, 544 U.S. 295 (2005). The Eleventh Circuit has emphasized, however, that equitable tolling "is an extraordinary remedy that must be applied sparingly." Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008); Wade v. Battle, 379 F.3d 1254,

---

[6]The United State Supreme Court has yet to conclusively decide whether the AEDPA's statute of limitations permits equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336 (2007).

1265 (11th Cir. 2004) (citations omitted); see also Diaz v. Dep't of Corr., 362 F.3d 698, 700 (11th Cir. 2004)(finding "rare circumstances" merit a finding of equitable tolling). This high hurdle is not surmounted easily. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 126 S. Ct. 1059 (2006); Wade, 379 F.3d at 1265 (citation omitted).

Contrary to Petitioner's position, his *pro se* status is insufficient to warrant equitable tolling. See, e.g., Rich v. Dep't of Corr., 317 Fed. Appx. 881, 883 (11th Cir. 2008). Nor does attorney negligence warrant equitable tolling, "particularly in the post-conviction context where prisoners have no constitutional right to counsel." Lawrence v. Florida, 549 U.S. 327, 336-337 (2007). See also Holland, 539 F.3d 1334, 1339 (11th Cir. 2008); Melson v. Allen, 548 F.3d 993, 1001 (11th Cir. 2008).

To the extent that Petitioner can demonstrate that counsel committed acts of "outright willful deceit," such actions may toll the applicable statute of limitations. Downs v. McNeil, 520 F.3d 1311, 1323 (11th Cir. 2008). But, here, even assuming *arguendo* that Petitioner can garner tolling from the State appellate court's acceptance and ruling in connection with the belated appeals of his Rule 3.800(a) and Rule 3.850 motions, the Petition is nonetheless time barred. In particular, only sixty-one (61) days of the federal limitations time remained for Petitioner to file a timely federal petition. Here, even if the Court applied equitable

tolling until mandate issued on Petitioner's first 3.800(a) motion on February 16, 2007 (Exh 34),[7] Petitioner did not file his second Rule 3.800(a) motion until June 27, 2007, some 130 days later.

Based upon the foregoing, the Court does not find Petitioner has demonstrated a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. Therefore, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED and ADJUDGED:**

1. The Petition (Doc. #1) is **DISMISSED** with prejudice as untimely.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has

---

[7]Because mandate issued on Petitioner's 3.850 motion on May 17, 2004, the period the Rule 3.850 was pending is subsumed within the period that Petitioner's Rule 3.800(a) motion was pending.

made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this   1st   day of June, 2010.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record